```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Saad Moussa</u>

   v.                                        Civil No. 12-cv-014-SM

<u>Warden, New Hampshire State Prison</u>


**<u>O R D E R</u>**

Saad Moussa has filed a petition for a writ of habeas corpus in this court (doc. no. 1).  Before the court is Moussa's motion to appoint counsel (doc. no. 3).  Moussa seeks court-appointed counsel on the grounds that he is indigent, and therefore unable to afford to retain counsel, because English is his second language and he does not speak it well, and because he has unspecified mental and physical health issues.

There is no constitutional right to the appointment of counsel in a civil case in this court.  <u>See</u> <u>Maroni v. Pemi-Baker Reg'l Sch. Dist.</u>, 346 F.3d 247, 257 (1st Cir. 2003).  While the court has the discretion to appoint counsel in a particular case, it should do so "only if 'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiff's] due process rights.'"  <u>King v. Greenblatt</u>, 149 F.3d 9, 14 (1st Cir. 1998) (quoting <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991)).  To determine if "exceptional circumstances" warrant the

appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  DesRosiers, 949 F.2d at 24.

   Moussa has failed to establish the existence of exceptional circumstances warranting the appointment of counsel in this case.  Moussa's pleadings, to date, have been clear, effective, and well-prepared, and demonstrate that he understands the proceedings.  There is no reason at this time to believe that Moussa will be unable to adequately represent himself in this matter.  Accordingly, Moussa's motion for appointed counsel (doc. no. 3) is denied without prejudice to Moussa renewing his request should circumstances warrant.

   SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge

Date:  March 15, 2012

cc:  Saad Moussa, pro se

LBM:jba